IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM CLOSSEY JR., <br><br> Plaintiff, <br><br> v. <br><br> STOCKTON UNIVERSITY, <br><br> Defendant. | Civil Action No. <br><br> PLAINTIFF DEMANDS A TRIAL BY JURY |

## COMPLAINT

Plaintiff, William Clossey Jr., by and through his attorneys, Derek Smith Law Group, PLLC, by way of this Complaint, state:

## NATURE OF THE CASE

1. Plaintiff contends that bathrooms at Stockton University's Galloway campus are not accessible to persons with disabilities who use wheelchairs for mobility.

2. Plaintiff brings this action charging that Defendant Stockton University violated Plaintiff's rights pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (hereafter "the ADA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereafter "the Rehabilitation Act").

3. Plaintiff seeks a declaratory judgment that Defendant Stockton University is in violation of these statutes; a permanent injunction ordering that they come into compliance; damages associated with defendants' violations of the law; and attorneys' fees and costs.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5. This Court has jurisdiction in that this action involves a Federal Question.

6. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

7. Pursuant to 28 U.S.C. §1391(b), venue is proper in this district based upon Defendant Stockton University's residency and due to the fact that a substantial part of the events or omissions giving rise to the claim occurred in Atlantic County in the State of New Jersey.

**PARTIES**

8. Plaintiff, William Clossey Jr. (hereinafter referred to as "Plaintiff"), is an individual with a disability, as that term is used and defined in the ADA and the Rehabilitation Act.

9. More specifically, Plaintiff is a quadriplegic who uses a wheelchair for mobility, who does not have full use of his trunk, and who uses a self-catheterization for toileting.

10. Plaintiff is a resident of the State of New Jersey.

11. Defendant Stockton University (hereinafter "Defendant Stockton") is a public institution of higher education with a campus in Galloway, New Jersey.

12. Defendant Stockton is a public entity as that term is defined in the ADA.

13. Defendant Stockton is a recipient of federal financial assistance.

## MATERIAL FACTS

14. Around September 2018, Plaintiff was injured when diving in a friend's pool resulting in severe spinal cord injury and quadriplegia from the neck down.

15. As a result, Plaintiff is unable to walk, has limited movement of his trunk area, and is unable to use the toilet.

16. Due to his diagnosis, Plaintiff must drink water continually to avoid skin breakdown and is prone to urinary tract infections.

17. As such, Plaintiff's medical professionals have instructed Plaintiff to self-catheterize approximately every two (2) hours but no more than every four (4) hours.

18. Plaintiff has attended Defendant Stockton in Galloway, New Jersey since September of 2023.

19. The Independence Plaza is a building located on Defendant Stockton's Galloway campus and which houses many, if not all, of Defendant Stockton's core undergraduate classes.

20. All of Plaintiff's classes for the fall 2023 semester were scheduled in the B and F wings of Independence Plaza.

21. Plaintiff is scheduled to begin attending classes in B, F, G, and J wings of Independence Plaza in the Spring 2024 semester.

22. As described in greater detail below, Plaintiff has encountered significant barriers to accessibility at Independence Plaza.

23. Plaintiff, and Plaintiff's father, have complained to Defendant Stockton on numerous occasions regarding the barriers to accessibility.

24. Upon information and belief, Plaintiff is not the only disabled individual who has complained of the barriers to accessibility.

25. Defendant Stockton has been aware of these barriers and intentionally failed to correct them.

26. Independence Plaza has two (2) floors.

27. In the B wing, the men's bathroom is on the first floor and the women's bathroom is on the second floor.

28. Upon information and belief, both the men's and women's bathrooms in B wing have one door which leads into a private single person bathroom.

29. While these bathroom doors appear wide enough to accommodate Plaintiff's wheelchair, until recently they were not equipped with automatic handicap accessible doors.

30. In the F wing, the men's and women's bathrooms are on the second floor.

31. Upon information and belief, both the men's and women's bathrooms in F wing have one door which leads into a private single person bathroom.

32. While these bathroom doors appear wide enough to accommodate Plaintiff's wheelchair, until recently they were not equipped with automatic handicap accessible doors.

33. Upon information and belief, none of the restrooms in Independence Plaza's other wings are readily accessible to and usable by people in wheelchairs with limited upper body mobility.

34. Because of his need to consume large quantities of water, Plaintiff needs to self-catheterize approximately three (3) to four (4) times a day.

35. Over the course of his attendance, Plaintiff has had numerous instances where he needed to self-catheterize, but because there is no restroom in Independence Plaza that he can readily access and use, he has been forced to choose between self-catheterizing in his vehicle, bringing his personal care assistant along with him to open the bathroom door and/or attending his classes while limiting the amount of water he consumes.

36. This later is dangerous to Plaintiff's health as it can cause bladder infections, skin breakdown, autonomic dysreflexia, and other health problems.

37. Around July 2023, before Plaintiff began attending Defendant Stockton, Plaintiff's father, on Plaintiff's behalf, contacted Defendant Stockton about the restroom and their lack of accessibility.

38. Plaintiff's father has continued to bring the concerns regarding the inaccessible restrooms to the attention of Defendant Stockton's administrators, staff, and professors.

39. The times that Plaintiff has had to request the assistance of another in order to use the bathroom have caused Plaintiff embarrassment and extreme humiliation.

40. Additionally, Plaintiff cannot participate in his classroom instruction to the same degree as a student without disabilities because he must constantly monitor his water intake and need to urinate.

41. Plaintiff has had to leave class early to prevent issues related to his self-catheterization.

42. Upon information and belief, the restroom facilities in Defendant Stockton's Independence Plaza do not meet federal requirements for accessible facilities in terms of doorway width, door mechanisms, and turning space, such that individuals with disabilities have access to the programs held in Defendant Stockton's Independence Plaza.

43. As a result of Defendant Stockton's failure to provide accessible facilities, programs, services, and activities, Plaintiff has been excluded from participation in, has been denied the benefits of, and/or has been subjected to discrimination under such programs, services, and activities, on the basis of his disability.

44. Plaintiff has suffered resulting feelings of humiliation, embarrassment, and indignity.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT
## 42 U.S.C. § 12101 et seq.

45. Plaintiff, William Clossey Jr., repeats every allegation made in the above paragraphs of this complaint.

46. Title II of the ADA provides that " . . . no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

47. An entity may not "afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;" or " provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others… ." 28 C.F.R. § 35.130(b)(1)(ii)(iii).

48. A public entity must "make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity being offered." 28 C.F.R. § 35.130(b)(7).

49. A public entity must "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a). The public entity may meet this requirement "through such means as redesign or acquisition of equipment, reassignment of services to accessible buildings, . . . delivery of services at alternative accessible sites, alteration of existing

facilities and construction of new facilities, . . . or any other methods that result in making its services programs, or activities readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(b)(1).

50. Defendant Stockton has violated and continues to violate the ADA at Defendant Stockton's Galloway Campus by failing to make Independence Plaza, and the programs offered therein, readily accessible to persons with disabilities, thereby excluding from participation, denying benefits, and otherwise discriminating against Plaintiff, on the basis of his disability, in the programs, services, and activities offered at those facilities.

## COUNT II
## VIOLATIONS OF THE REHABILITATION ACT
## 29 U.S.C. § 794

51. Plaintiff, William Clossey Jr., repeats every allegation made in the above paragraphs of this complaint.

52. The Rehabilitation Act of 1973 is binding on Defendant Stockton by virtue of Defendant Stockton's receipt of federal financial assistance.

53. Defendant Stockton is under a duty to "operate each program or activity so that the program or activity, when viewed in its entirety, is readily accessible to and usable by handicapped persons." 28 C.F.R § 41.57(a).

54. Defendant Stockton has a further obligation not to discriminate against individuals with disabilities under any of its programs, activities, or services.

55. Defendant Stockton has failed to provide Plaintiff with benefits and services that are as effective in affording equal opportunity to gain the same benefit as members of the community who do not have disabilities.

56. Defendant Stockton actions and failures to act, described above, have violated, and continue to violate, the Rehabilitation Act of 1973, as amended.

## DAMAGES

Plaintiff has suffered damages due to the discriminatory treatment and practices of Defendant Stockton, including embarrassment, humiliation, and inability to participate in classroom instruction to the same degree as students without disabilities.

## INJUNCTIVE RELIEF

Plaintiff is entitled to injunctive relief to require Defendant Stockton to alter restroom facilities in Defendant Stockton's Independence Plaza to make them accessible to people with disabilities or in the alternative, requiring Defendant Stockton to provide a reasonable accommodation to Plaintiff by moving classes from Defendant Stockton's Independence Plaza to a building with accessible restrooms, entrances and classroom equipment.

## DECLARATORY RELIEF

Plaintiff is also entitled to a declaratory judgment concerning each of Defendant Stockton's statutory violations and specifying the rights of Plaintiff as to Defendant Stockton's program(s), activities, and services.

## ATTORNEY'S FEES AND COSTS

In order to enforce his rights under the ADA and the Rehabilitation Act, Plaintiff has had to retain counsel and is therefore entitled to recover attorneys' fees, costs, and expenses.

**PRAYER FOR RELIEF**

Therefore, Plaintiff requests that the Court:

A. Issue a permanent injunction, requiring Defendant Stockton, it's agents, servants, and employees, and all persons in active concert with Defendant Stockton, to make all necessary modifications to the programs, services, and activities offered therein, that are necessary to afford Plaintiff ready access and use of its programs, services, and activities, and enjoining them from violating Title II of the ADA and the Rehabilitation Act by discriminating against Plaintiff in his utilization of Defendant Stockton's programs, services, and activities.

B. Enter a declaratory judgment, specifying Defendant Stockton's statutory violations and declaring the rights of the Plaintiff as to the Defendant Stockton's programs, services, and activities.

C. Find that Plaintiff is the prevailing party in this case and award him damages, attorney fees, costs, and expenses; and

D. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of any and all issues for which trial by jury is available by law.

**DEMAND TO PRESERVE EVIDENCE**

Defendant Stockton is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's claims, his claims to damages, to any defenses to

same, including, but not limited to electronic data, files, memos, text messages, e-mails, spreadsheets, images, cache memory, and any other information and/or data which may be relevant to any claim(s) or defense(s) in this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Catherine W. Lowry (Smith)*
Catherine W. Lowry (Smith), Esq.
Atty ID No. 067142013
1628 Pine Street
Philadelphia, PA 19103
catherine@dereksmithlaw.com
267-857-0832

Dated: January 2, 2024